**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-23-0000325**
**18-JUN-2025**
**07:58 AM**
**Dkt. 65 SO**

NO. CAAP-23-0000325

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


STATE OF HAWAI‘I, Plaintiff-Appellee, v.
CHARLESTON MAHOE, Defendant-Appellant
(CASE NO. 1CPC-17-0000823)

AND

STATE OF HAWAI‘I, Plaintiff-Appellee, v.
CHARLESTON MAHOE, SR., Defendant-Appellant
(CASE NO. 1CPC-17-0000829)

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting C.J., and Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Charleston Mahoe, also known as
Charleston Mahoe, Sr. (**Mahoe**), appeals from the following orders
(together, the **Denial Orders**) entered by the Circuit Court of the
First Circuit:  (1) the February 28, 2023 "Findings of Fact,
Conclusions of Law, and Order Denying [Mahoe's] Motion to Dismiss
Proceedings" in case no. 1CPC-17-0000823 (**Case 823**); and (2) the
February 28, 2023 "Findings of Fact, Conclusions of Law, and
Order Denying [Mahoe's] Motion to Dismiss Proceedings," in case
no. 1CPC-17-0000829 (**Case 829**).[1]

On June 22, 2017, Plaintiff-Appellee State of Hawai‘i
(**State**) charged Mahoe in Case 823 with Count 1, Assault in the
Second Degree, and Count 2, Violation of a Temporary Restraining
Order.  On June 23, 2017, the State charged Mahoe in the 829 Case

---

[1]     The Honorable Shirley M. Kawamura presided in both cases.

with Counts 1 through 3, Terroristic Threatening in the First Degree, and Counts 4 through 9, Violation of a Temporary Restraining Order.

Mahoe pleaded no contest to all counts in both cases, and on December 19, 2017, the circuit court sentenced him to HOPE probation.

On June 24, 2022, the State moved in both cases to revoke Mahoe's probation and resentence him.

On December 22, 2022, Mahoe filed a Motion to Dismiss Proceedings (**Motion to Dismiss**) in each case. Mahoe argued that the Hawaiʻi Supreme Court's decision in State v. Obrero, 151 Hawaiʻi 472, 517 P.3d 755 (2022), required dismissal due to the State's failure to comply with HRS § 801-1's indictment-or-information requirement.

On February 28, 2023, the circuit court entered the Denial Orders, which denied the respective Motions to Dismiss. On May, 11, 2023, the circuit court filed Orders of Resentencing Revocation of Probation.

On appeal, Mahoe contends that the circuit court erred in applying "the Motta/Wells standard" to his "Obrero claim" and denying his Motions to Dismiss on that basis.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Mahoe's appeal as follows:

The Hawaii Supreme Court has held that "Obrero applies to cases that were pending trial before the decision. Obrero does not apply retroactively to defendants who pled out or to defendants convicted after a trial." State v. Bautista, 153 Hawaiʻi 284, 289, 535 P.3d 1029, 1034 (2023). The supreme court further held that "defendants awaiting sentencing . . . are foreclosed from having their pleas nullified or their trial convictions overturned" pursuant to Obrero. Id.

Here, Mahoe pled out, was convicted, and was sentenced to probation with special conditions before Obrero was decided. He was awaiting resentencing when he first raised his argument based on Obrero. Pursuant to Bautista, Obrero did not apply to

his cases.  Accordingly, the circuit court did not err in denying the Motions to Dismiss.

Therefore, the respective February 28, 2023 Denial Orders entered by the Circuit Court of the First Circuit in Case 823 and Case 829 are affirmed.

DATED:  Honolulu, Hawaiʻi, June 18, 2025.


On the briefs:

Taryn R. Tomasa,
Deputy Public Defender,
for Defendant-Appellant.

Brian Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge